IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:16 CR 146 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| MAURICE J. SINKFIELD, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendant, Maurice Sinkfield's Motion for Reversal of Defendant's Conviction and For Review of Grand Jury Testimony.  (ECF# 181).  Mr. Sinkfield was convicted by a jury of one count of assaulting a federal officer and was sentenced on November 13, 2017.  (ECF #74, 98).  His sentence was upheld on direct appeal.  (ECF #126).  On February 18, 2020, he filed a petition under §2255, which was denied.  (ECF #134, 155).  He later sought relief under Rule 7(b)(1) of the Fed. R. Civ. P. And Rule 47(a) Fed. R. Crim P.. (ECF #161).  That request was properly viewed as a successive request for relief under§ 2255 and was transferred to the Sixth Circuit for reivew pursuant to 28 U.S.C. §2255(h).  (ECF # 164).   The Sixth Circuit denied him permission to file a second or successive motion under §2255.  (ECF #165).  Mr. Sinkfield then filed multiple requests for access to Grand Jury transcripts, and sought leave to further appeal or otherwise re-visit the decisions in his case.  All such requests were denied.  (ECF #169, 170, 171, 173, 174, 176, 177, 178, 180, 183, 184).  He has provided no legal

basis upon which he should be allowed to obtain transcripts or other information from the Grand Jury Proceedings.

The other relief requested can only be addressed at this juncture by a second or successive motion under Section 2255.  Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Mr. Sinkfield has not received authorization from the Sixth Circuit to file a successive § 2255 motion.  The motion, therefore, may not be reviewed by the Court at this juncture.  Therefore, the Clerk of Court is directed to transfer Mr. Sinkfield's instant motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS SO ORDERED.

/s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

Date: January 5, 2024